69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alvarado GALLEGO, Defendant-Appellant.
 No. 95-15176.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 15, 1995.*
Decided Oct. 27, 1995.
 
 Before: BROWNING, CHOY, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alvarado Gallego, a prisoner in federal custody, appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion. Gallego argues that the district court erred by holding that there was a factual basis under Fed.R.Crim.P. 11(f) for his plea to a violation of 21 U.S.C. Sec. 848. Specifically, Gallego contends that there was not a factual basis to establish that he was in a position of an organizer, a supervisor, or a manager with respect to five or more persons. We affirm.
 
 
 3
 On August 20, 1987, the grand jury returned an indictment charging Gallego with ten counts of federal drug and tax law violations. Count one charged Gallego with conducting a continuing criminal enterprise in violation of 21 U.S.C. Sec. 848. Count one of the indictment listed twelve acts of drug distribution between Gallego and seven individuals. Count one also alleged that Gallego was in a position of an organizer, a supervisor, or a manager with respect to these individuals. Count two, a conspiracy charge, was incorporated by reference into count one. Count two alleged that Gallego organized, supervised, or managed other co-conspirators in a cocaine distribution scheme. To support this allegation, count two listed instances of Gallego directing individuals in the distribution of cocaine. Count two also listed instances of individuals keeping records for Gallego and purchasing automobiles for him.
 
 
 4
 On October 1, 1987, Gallego pled guilty to count one. At his Rule 11 hearing, Gallego admitted that he read and understood the indictment, although he denied that he was in a supervisory position. Gallego also admitted that he worked with and was helped by other individuals in the distribution of cocaine. Gallego was sentenced to fifteen years imprisonment and is currently in custody.
 
 
 5
 Gallego did not file a direct appeal. On September 5, 1990, Gallego filed a petition pursuant to 28 U.S.C. Sec. 2255 to vacate his plea. Gallego claimed that there was not an adequate factual basis for his plea as required by Rule 11(f). The district court denied this petition. Gallego appealed the district court's denial to this court. On August 20, 1993, we remanded to the district court to determine whether there was an adequate factual basis for Gallego's plea. In an Order dated January 11, 1995, the district court held that there was an adequate factual basis. The district court reasoned that the factual basis for the crime need not be developed from the defendant personally. Rather, the court believed that it could rely on the indictment and other factual information.
 
 
 6
 Gallego now appeals. Gallego contends that the trial court failed to satisfy itself that he was in a position of an organizer, supervisor, or manager with respect to five or more persons. Specifically, Gallego argues that it was not proper for the district court to rely on the indictment because he denied that he was in a supervisory position. The government responds with two arguments. First, the government argues that the district court was free to rely on the indictment and was not limited to the statements of the defendant. Second, the government argues that even if Rule 11(f) was violated, any deficiency in the factual basis of Gallego's plea is harmless error.
 
 
 7
 Rule 11(f) provides: "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." In conducting this inquiry, the district court may consider all the evidence before it at the time of judgment. United States v. Alber, 56 F.3d 1106, 1110 (9th Cir.1995). The factual basis for the plea must be developed on the record of the Rule 11 hearing. Santobello v. New York, 404 U.S. 257, 261 (1971); United States v. Rivera-Ramirez, 715 F.2d 453, 457 (9th Cir.1983), cert. denied, 467 U.S. 1215 (1984).
 
 
 8
 We have reviewed the record and hold that the district court properly complied with Rule 11(f). First, while Gallego may have denied that he was a supervisor, it is obvious that the district court did not believe him and it was proper for the district court to rely on the indictment as part of the factual basis. See Alber, 56 F.3d at 1110. As noted above, the indictment was very detailed. It listed instances of Gallego distributing narcotics to at least five individuals who were part of the conspiracy. It explained how Gallego had others rent apartments for his use as personal residences and storage places for cocaine, giving a specific address in San Francisco; how Gallego paid cash to his co-conspirators to purchase vehicles for him in their names; how Gallego gave his subordinates expensive gifts as a way of showing his appreciation for their efforts, a BMW to Paul Cluster and a Mercedes Benz to Craig Rosebush; and how Gallego, with others at his direction, delivered cocaine to Steven Danforth in Vacaville.
 
 
 9
 Second, Gallego admitted during his plea hearing that he worked with and was helped by others in the distribution scheme. While this admission alone might not satisfy Rule 11(f), it provides a context in which to read the factual allegations of the indictment. Conversely, the factual allegations of the indictment provide a context in which to read Gallego's admission that he was helped by others.
 
 
 10
 Finally, apart from the indictment and Gallego's admissions, the district court noted on the Rule 11 record that it was familiar with the factual underpinnings of Gallego's crime. The district court stated:
 
 
 11
 [I]n this case since I have heard so many motions in the case and taken guilty pleas and sentenced numerous other defendants in the case, and since I have heard the discussions of the U.S. Attorney and your counsel, I believe that I am familiar with the case and with you.
 
 
 12
 Transcript of Proceedings, October 1, 1987, at 21. This statement was made by the district court after Gallego's plea was accepted. Nevertheless, it demonstrates that the district court was satisfied that there was a factual basis for Gallego's plea.
 
 
 13
 Because we hold that the district court complied with Rule 11(f), we do not reach the government's alternative argument.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3